UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LESLIE D. ALLEN,                          )
                                          )
                    Petitioner,           )
                                          )
        v.                                )    No. 2:25-cv-00507-JRO-MG
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                    Respondent.           )

**ENTRY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR
LACK OF JURISDICTION**

Petitioner Leslie D. Allen, who is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He challenges his convictions of various charges in his underlying criminal case in the Eastern District of Tennessee, *United States v. Allen*, No. 1:06-cr-00107-TRM-CHS-1 (E.D. Tenn.) ("Cr. Dkt."). His petition is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Under Rule 4, a petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

As explained below, upon review, it plainly appears from Allen's petition that he is not entitled to relief, and his § 2241 petition is **DISMISSED for lack of jurisdiction**.

## I.

## BACKGROUND

In 2008, Allen was sentenced to 360 months plus life in prison after a jury convicted him of: (1) conspiring to distribute cocaine base; (2) possessing cocaine base with the intent to distribute; (3) possession of a firearm in furtherance of a drug-trafficking crime; and (4) being a felon in possession of a firearm.  Cr. Dkt. 110.  The Sixth Circuit affirmed his conviction on direct appeal, and the Supreme Court denied his petition for writ of certiorari.  *United States v. Allen*, 619 F.3d 518, 526 (6th Cir.), *cert denied*, 562 U.S. 1110 (2010).  In 2011, Allen filed a 28 U.S.C. § 2255 motion, which the district court denied as time-barred.  The Sixth Circuit denied Allen's application for a certificate of appealability.  *Allen v. United States*, No. 15-5218, slip op. at 2 (6th Cir. July 27, 2015).

In 2016, the Sixth Circuit authorized Allen to file a second or successive § 2255 motion raising a claim under *Johnson v. United States*, 576 U.S. 591 (2015).  *In re Allen*, No. 16-5846, slip op. at 3 (6th Cir. Oct. 27, 2016).  The district court denied relief under § 2255, and the Sixth Circuit denied Allen's application for a certificate of appealability.  *Allen v. United States*, No. 17-5415, slip op. at 5 (6th Cir. Nov. 2, 2017).  Since then, Allen has sought at least three times—unsuccessfully—leave to file a second or otherwise successive § 2255 motions.  *See In re Allen*, No. 25-5161, slip op. at 2-3 (6th Cir. June 30, 2025); *In re Allen*, No. 21-5879, slip op. at 2 (6th Cir. May 17, 2022); *In re Allen*, No. 20-5667, slip op. at 2 (6th Cir. Oct. 26, 2020).

In his current habeas petition, Allen re-raises issues presented in his other attempts at post-conviction relief.   In principal part, he argues that the sentencing court lacked jurisdiction over him.  Dkt. 1 at 7–10.

## II.

### DISCUSSION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence.   "To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention' [within the meaning of the so-called 'saving clause' of § 2255(e)]." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (quoting § 2255(e)).

Allen has already filed and lost several § 2255 motions.  He can file another § 2255 motion only in one of two specific circumstances and, even then, only with permission from the appropriate court of appeals:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). These statutory limitations on successive § 2255 motions do not make the § 2255 remedy "inadequate or ineffective" within the meaning of the saving clause.  *Jones*, 599 U.S. at 470.   Instead, § 2255 would be

3

inadequate or ineffective only under "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as when the sentencing court is dissolved. *Id.* at 474–75. Such circumstances are not present here.

Allen's habeas petition is not based on newly discovered evidence or a new rule of constitutional law, which is why he has resorted to § 2241. Instead, he argues that "jurisdiction can be raised at anytime and it MUST be heard as it's a Constitutional question and issue." Dkt. 1 at 4. Allen argues that his prior § 2255 motions "attack[] other issues." *Id.*

None of these arguments satisfies the narrow exceptions for successive § 2255 petitions. As an initial matter, Allen's § 2255 motion filed in 2025 specifically argues that the sentencing court lacked jurisdiction. Cr. Dkt. 212 at 4 ("Ground One: Lack of Jurisdiction by the Federal Government and United States District Court"). Allen contends that the indictment in his criminal case failed to charge him with any federal crime, and therefore the federal district court had no jurisdiction over him. *Id.* at 4-9. The Sixth Circuit has already explained to Allen: "Federal courts have 'original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States,' 18 U.S.C. § 3231, and Allen was convicted of violating federal laws." *Id.* at 2. Allen's representation that his prior § 2255 motions attack other issues is plainly false, and Allen has already been alerted that the jurisdictional argument he seeks to make again here is meritless.

Regardless, Allen's argument that "jurisdiction can be raised at any time" and that it "MUST be heard[,]" dkt. 1 at 4, is meritless. Allen contends that his sentencing court lacked jurisdiction, but what he really disputes is the sufficiency of the indictment, not jurisdiction. *See United States v. Cotton*, 535 U.S. 625 (2002). Allen's sentencing court, the Eastern District of Tennessee, has jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Allen is not being held without trial. "He had every opportunity to argue before trial, at trial, after trial, on direct appeal, and on collateral review under § 2255 that the indictment was deficient. The Suspension Clause does not entitle him to any further chances." *Robinson v. Lammer*, 162 F.4th 853, 856 (7th Cir. 2025).

The holding of *Jones* is clear: Once a federal prisoner has litigated and lost a § 2255 motion, he can pursue a successive collateral attack on his conviction or sentence only in the circumstances specified in § 2255(h) and, even then, only by filing a successive § 2255 motion in his sentencing court after receiving permission from the relevant court of appeals. *See Jones*, 599 U.S. at 480 ("The inability of a prisoner with a statutory claim to satisfy the conditions of [the saving clause] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case."). Allen's current habeas petition is a successive collateral attack on his conviction, and the Court lacks jurisdiction over it. *See Hogsett v. Lillard*, 72 F.4th 819, 821 (7th Cir. 2023)

5

(holding that district court lacked subject matter jurisdiction to entertain § 2241 petition where petitioner had already had § 2255 motion decided on merits).

## III.

## CONCLUSION

For the reasons stated above, Allen's § 2241 petition is **summarily DISMISSED for lack of jurisdiction**.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/31/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

LESLIE D. ALLEN
41609-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808